JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP 25 1984

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 601

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE GLASS TEMPERING SYSTEM PATENT LITIGATION

TRANSFER ORDER

This litigation consists of seven actions, one each pending in the Eastern District of Michigan, the Eastern District of New York, the District of Massachusetts, the District of Colorado, the Western District of Pennsylvania, the Southern District of Texas and the Western District of Texas. Presently before the Panel is a motion by Glasstech, Inc. (Glasstech), the plaintiff in all actions, to centralize the actions in this litigation in the Eastern District of Michigan, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings. All defendants state in response to the motion that they neither oppose nor request Section 1407 transfer. In the event that the Panel orders transfer, defendants favor selection of the Western District of Pennsylvania or the Northern District of Ohio as the transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization under 28 U.S.C. §1407 in the Northern District of Ohio will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These common factual questions arise because the same two patents and the same allegedly infringing equipment are involved in all seven actions. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

While any of the three districts suggested by the parties could be considered an appropriate transferee district for this litigation, we conclude that the Northern District of Ohio is preferable, even though no constituent action is pending there. We note that the headquarters of Glasstech, the patent holder, are located in Perrysburg, Ohio, within the Northern District of Ohio. Consequently, many important witnesses and documents will be found in that district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A be, and the same hereby are, transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Frank J. Battisti for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

MDL-601 -- IN RE GLASS TEMPERING SYSTEM PATENT LITIGATION

    Eastern District of Michigan

Glasstech, Inc. v. Howe-Martz, C.A. No. 84-CV-1740DT

    Eastern District of New York

Glasstech, Inc. v. Colonial Mirror & Glass, C.A. No. 84-1804

    Western District of Pennsylvania

Glasstech, Inc. v. Three Rivers Aluminum, C.A. No. 84-1022

    Southern District of Texas

Glasstech, Inc. v. San Jacinto Glass Co., C.A. No. H-84-1969

    District of Massachusetts

Glasstech, Inc. v. Shaw Glass Co., Inc., C.A. No. CV-84-1329-G

    District of Colorado

Glasstech, Inc. v. General Glass Corp., C.A. No. C84-K-889

    Western District of Texas

Glasstech, Inc. v. William A. Swinney, Inc. C.A. No. SA 84-0883

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 13 1984

DOCKET NO. 601

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE GLASS TEMPERING SYSTEM PATENT LITIGATION

ORDER REASSIGNING LITIGATION

Inasmuch as the actions in the above litigation have been reassigned in accordance with the Local Rules for the Northern District of Ohio,

IT IS THEREFORE ORDERED that the above-captioned litigation be, and the same hereby is, reassigned to the Honorable Nicholas J. Walinski for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

FOR THE PANEL:

Andrew A. Caffrey
Chairman